

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00125-CR

EDWARD DEWANE BROCKMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court of
Walker County, Texas
Trial Court No. 29,247, Honorable Hal R. Ridley, Presiding

October 14, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Edward Dewane Brockman appeals, through two issues, his conviction for "improper contact with the victim while confined." The first concerns the sufficiency of the evidence supporting conviction while the second involves the trial court's decision to overrule his objection to admission of a protective order. We affirm.[1]

---

[1] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* Tex. R. App. P. 41.3.

*Issue One*

Appellant contends that the State failed to prove he "directly contacted" the victim, as alleged in the indictment. Instead, the evidence purportedly established that the contact occurred indirectly. So, in his view, the evidence was insufficient to support his conviction under a hypothetically correct jury charge. We overrule the issue.

The standard of review we apply here was explained in *Braughton v. State*, 569 S.W.3d 592, 607–08 (Tex. Crim. App. 2018). We apply it here.

Next, a person commits an offense if, "while confined in a correctional facility after being charged with or convicted of an offense listed in Article 62.001(5), Code of Criminal Procedure, contacts by letter, telephone, or any other means, either directly or through a third party, a victim of the offense or a member of the victim's family, if the director of the correctional facility has not . . . received written and dated consent to the contact . . . and . . . provided the person with a copy of the consent." TEX. PENAL CODE ANN. § 38.111(a)(1), (2) (West Supp. 2020). As can be seen, the statute speaks of "contact" either "directly or through a third party." Here, the State alleged in its indictment that appellant "intentionally and knowingly ***contact[ed] directly*** by telephone" K.C. (Emphasis supplied). The meaning of the highlighted words from the basis of the appellant's complaint.

The record illustrates that appellant, while imprisoned, phoned his sister. The call was being recorded, and during it, he told her to call K.C. That resulted in his sister completing some type of three-way conversation wherein appellant could be heard "directly talking" to K.C. While all were on the line, he asked K.C. about "where [her] mind was" and if she had "a boyfriend." So too did he say: "he loves me, why I don't visit."

2

Upon realizing that "the conversation was going to keep going," K.C. "disconnected the call."

The penal statute in question speaks of "contact" "either directly or through a third party." TEX. PENAL CODE ANN. § 38.111(a). Yet, the legislature failed to define either "contact" or "directly" in the provision. That is of no consequence since, under those circumstances, we apply "the plain meaning of the text, unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not have possibly intended." *Wilson v. State*, 448 S.W.3d 418, 423 (Tex. Crim. App. 2014). Whether used as a noun or verb, "contact" describes communication or communicating. In turn, the word "direct," when used as an adjective in reference to "contact" denotes a lack of circuity or an intervening agency or party. Indeed, the legislature's contrast of "direct" with "through a third party" in the statute confirms what we perceive to be the plain meaning of the word, that being the contact or communication must come from the accused himself, not a third party. That is what occurred here.

Appellant undoubtedly had his sister arrange the medium of contact or communication, i.e., the phone. Yet, the actual communication or words heard by K.C. came from his mouth to her ear without interruption or reiteration by some third party. So, his communication or contact with her was "direct," as alleged in the indictment and contemplated by the penal statute. Thus, we hold that the State did present sufficient evidence, under the standard espoused in *Braughton*, to support appellant's conviction.

*Issue Two*

In his second and final issue, appellant asserts that the trial court abused its discretion in admitting into evidence a protective order. It purportedly was irrelevant. We overrule the issue.

To preserve one's complaint to the admission of evidence, the litigant must object each time the evidence is mentioned. *Davis v. State*, No. 10-17-00393-CR, 2019 Tex. App. LEXIS 8948, at *3–4 (Tex. App.—Waco Oct. 9, 2019, pet. ref'd) (mem. op., not designated for publication); *Lamper v. State*, No. 07-18-00035-CR, 2018 Tex. App. LEXIS 6788, at *13 (Tex. App.—Amarillo Aug. 24, 2018, no pet.) (mem. op., not designated for publication). The need to continuously object may be obviated by receiving a running objection or requesting the court to consider and rule upon the objection outside the jury's presence. *Lamper*, 2018 Tex. App. LEXIS 6788, at *13.

The record, at bar, illustrates that appellant's objection to the protective order was originally sustained. However, the trial court eventually overruled it and admitted the order into evidence. That led to the witness being questioned about it. Later, K.C. was called to testify. She too was asked about the protective order. Neither the inquiries propounded to her nor her answers to them were met by an objection from appellant. Nor had appellant sought either a running objection or opportunity to address his complaints about the protective order outside the jury's presence when the trial court earlier decided to admit it. Thus, the complaint urged on appeal was not preserved.

Having overruled each of appellant's issues, the trial court's judgment merits affirmation. Before we do that, though, we modify it in one respect. Under the category "Statute for Offense" appears reference to "§ 38.11" of the Texas Penal Code. However,

§ 38.111 of the Penal Code was the statute under which the State prosecuted appellant and a jury found him guilty. Consequently, we modify the judgment to reflect the true "Statute of Offense" as § 38.111 and affirm it as modified. *See Youngstrom v. State*, No. 07-13-00385-CR, 2014 Tex. App. LEXIS 6215, at *8 (Tex. App.—Amarillo June 9, 2014, pet. ref'd) (mem. op., not designated for publication) (stating that an appellate court has the authority to modify the trial court's judgment to make the record speak the truth when it has the necessary information to do so).

Brian Quinn
Chief Justice

Do not publish.